# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON ANWAR SCOTT,<br><br>                    Petitioner,<br><br>v.<br><br>ROB BONTA,<br><br>                    Respondent. | Case No. 3:22-cv-0976-BAS-MSB<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Pet., ECF No. 1.) For the reasons stated below, the Court **DISMISSES** the Petition without prejudice and with leave to amend.

## I. FAILURE TO SATISFY FEE FILING REQUIREMENT

Because Petitioner has failed to either pay the $5.00 filing fee or move to proceed *in forma pauperis* ("IFP"), this Court cannot proceed with this action. *See* Rules Governing § 2254 Cases, Rule 3(a), 28 U.S.C.A. § foll. 2254. Accordingly, the Court **DISMISSES** without prejudice the Petition. The Court cannot proceed unless and until Petitioner has either paid the $5.00 filing fee or qualified to proceed IFP.

//
//
//

\* \* \* \*

Although Petitioner's failure to pay the requisite filing fee or move to proceed IFP itself dooms the Petition, the Court further notes that the Petition is felled by other independently fatal deficiencies, which are set forth below.

## II.   FAILURE TO NAME A PROPER RESPONDENT

The Petition fails to name a proper respondent.  On federal habeas petition, a state prisoner must name as the respondent the state officer having custody of him for the court to retain personal jurisdiction over the action.  *See Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968); *see also Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254).  Typically, the proper respondent either is the warden in the facility in which the petitioner is incarcerated or the chief officer in charge of state penal institutions—in California, the Secretary of the California Department of Corrections and Rehabilitation.  *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

Here, Petitioner has incorrectly named "Rob Bonta," the Attorney General of California, as Respondent.  Bonta is not an appropriate Respondent in this habeas corpus action.  Therefore, for this Court to proceed with this action, Petitioner must amend his Petition to name as Respondent the warden in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California Department of Corrections and Rehabilitation.  *See Brittingham*, 982 F.2d at 379.

## III.   FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

Additionally, Petitioner has failed to allege that his state court conviction or sentence violates federal law as required by Rule 4 of the rules governing 28 U.S.C. § 2254 cases. Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that

> he is in custody in violation of the Constitution or laws or treaties of the United States.

*See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that such custody "violat[es] the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Here, Petitioner states that his "conviction was not final prior to Jan. 1 2018, courts can now strike firearm enhancement in the interest of justice." (Pet. at 10.) He also states that "critical race theorists observe that if the law is couched in neutral language I cannot be neutral," and "the benefit of [A.B. 1618] should be available even if the person entered a plea bargain that included agreement to admit enhancement provisions." (*Id.* at 10–11.) In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

## IV. FAILURE TO ALLEGE EXHAUSTION OF REMEDIES

Further, the Court notes that Petitioner cannot simply amend his Petition to state a viable federal habeas claim and then refile the amended petition in this case. Rather, an amended petition also must show Petitioner exhausted state judicial remedies before bringing his claims via federal habeas. Indeed, to be entitled to relief on a federal habeas petition, a petitioner first must exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987).

To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. *See* 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Moreover, to properly exhaust state court judicial remedies a petitioner must allege in state court how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to

be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365–66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id.* (emphasis added).

*   *   *   *

Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996, a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run

while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

## VI.   CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this case without prejudice and with leave to amend. To have this case reopened, **by no later than October 14, 2022**, Petitioner must submit (1) a copy of this Order with the $5.00 filing fee OR a properly supported motion to proceed IFP <u>and</u> (2) a First Amended Petition which cures the pleading deficiencies outlined in this Order, *see supra* Secs. II–V. The Clerk of Court is directed to mail Petitioner a blank motion to proceed IFP form and a blank amended 28 U.S.C. § 2254 habeas petition form, together with a copy of this Order.

**IT IS SO ORDERED.**

**DATED: August 18, 2022**

*Cynthia Bashant*
Hon. Cynthia Bashant
United States District Judge